IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

SANDRA STEED                                                                                      PLAINTIFF

V.                                                                          NO. 4:14-CV-00147-DMB-JMV

HARTFORD UNDERWRITERS
INSURANCE CARRIER; EMMA
BASSETT                                                                                       DEFENDANTS

## ORDER GRANTING REMAND

This personal injury and insurance dispute arises from a parking lot collision between Plaintiff Sandra Steed and an automobile driven by Defendant Emma Bassett. Doc. #2. Plaintiff seeks to recover compensatory damages from her insurance carrier, Defendant Hartford Underwriters Insurance Carrier ("Hartford"), and from Bassett. *Id*. The case was removed on October 15, 2014, and is before the Court on Plaintiff's motion to remand. Doc. #1; Doc. #5.

**I**
**Procedural History**

On October 9, 2013, Plaintiff filed a complaint against Hartford and Bassett in the Circuit Court of Humphreys County, Mississippi. Doc. #2. In her complaint, Plaintiff alleges that Bassett, "an under insured motorist," negligently struck Plaintiff in a parking lot and that Hartford, Plaintiff's insurance carrier, is liable to her for uninsured driver benefits.[1] *Id*. at ¶¶ 10, 15. According to the complaint: (1) Hartford has its principal place of business in Connecticut; (2) Plaintiff is a resident of Mississippi; and (3) Bassett is a resident and citizen of Mississippi. *Id.* at ¶¶ 1–3.

---

[1] Plaintiff's complaint alleges that "[t]he liability insurer for Emma Bassett has tendered the limits of the bodily injury liability coverage for its insured which are less than the limits applicable to Plaintiff as provided under her underinsured motorist coverage with [Hartford]." Doc. #2 at ¶ 13.

Both Defendants were served with a summons and copy of the complaint on November 5, 2013. Doc. #3-6; Doc. #3-7. Hartford answered the complaint on February 10, 2014. Doc. #3-10. Bassett never answered or otherwise responded to the complaint. Despite Bassett's failure to respond, Plaintiff has not sought default against Bassett.

On October 15, 2014, Hartford removed the state action to this Court. Doc. #1. The notice of removal contains no jurisdictional allegation as to Hartford,[2] but alleges that Plaintiff[3] and Bassett[4] are Mississippi "resident[s]." *Id*. at ¶ 6.

---

[2] While Plaintiff alleges that Hartford has its principal place of business in Connecticut, neither Plaintiff nor Hartford has provided information as to Hartford's organizational form. Assuming Hartford is a corporation, the Court cannot determine Hartford's citizenship without also knowing its state of incorporation. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which *it has been incorporated* and of the State or foreign state where it has its principal place of business") (emphasis added); *see also Booth v. Shoney's Inc.*, 872 F.Supp. 1524, 1528–29 (E.D. La. 1995) ("Shoney's alleged that the plaintiffs are citizens of the State of Louisiana and that Shoney's is a foreign corporation 'domiciled in the State of Tennessee and having its principal place of business in Nashville, Tennessee.' This allegation is deficient because it fails to set forth the state in which Shoney's was incorporated."). If Hartford's organizational form is something other than a corporation, more would still be required. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079–80 (5th Cir. 2008) (citizenship of unincorporated entities and limited liability companies determined by citizenship of members); *see also Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009) ("The notice of removal therefore gave two pieces of irrelevant information about Aurora (the state of its principal place of business and that it was a Delaware company) while failing to provide the information critical to determining [limited liability company's] citizenship: the citizenship of its members"). Since it is the burden of the party invoking jurisdiction to establish the basis for federal jurisdiction, Hartford should have provided this additional information. *Booty*, 872 F.Supp. at 1528 ("If the basis of jurisdiction is diversity of citizenship, the citizenship of the parties must be set forth [in the notice of removal]." However, because the Court finds that remand is appropriate due to violation of the forum-defendant rule, Hartford's failing in this regard is irrelevant.

[3] Like Plaintiff's complaint, the notice of removal alleges that Plaintiff is a Mississippi "resident." Doc. #1 at ¶ 6. "It is established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 310 n.2 (5th Cir. 2002). However, a court may presume, for the purpose of deciding a jurisdictional motion, that a "plaintiff means 'citizen' when using the term 'resident.'" *Myers v. Long Island Light. Co.*, 623 F. Supp. 1076, 1077 n.1 (E.D.N.Y. 1985); *see also Brunk v. Graybar Elec. Co., Inc.*, 713 F.Supp.2d 814, 816 n.3 (S.D. Iowa 2010) ("[A]n averment of residency is not sufficient to establish citizenship for purposes of diversity jurisdiction. Regardless, for purposes of the present motions, the Court will presume that Defendants are asserting that Paschke is a citizen of Minnesota and that Vandenberg is a citizen of Iowa."). For the purpose of deciding this motion, the Court will presume that Plaintiff and Defendant meant "citizen" when they used the term "resident" in relation to Plaintiff. Nevertheless, once again, because this Court decides this case based on the citizenship of Bassett, it need not address this additional deficiency in Hartford's notice of removal.

[4] While the notice of removal only alleges Basset's residency, the complaint properly alleged her citizenship. Accordingly, Bassett's Mississippi citizenship is established in this action. *See Brunk*, 713 F.Supp.2d at 816 n.2 (citizenship established where notice of removal alleged residence but complaint alleged citizenship).

2

In its notice of removal, Hartford "acknowledge[]d that technically … diversity of citizenship does not … exist in this case to satisfy removal to federal court." *Id*. at 4. However, Hartford stated that "[t]his Notice, in essence, is based on fraudulent joinder grounds in that it is obvious at this point that Plaintiff never intended on pursuing Defendant Bassett as evidenced by Bassett taking no action in this lawsuit [and] Plaintiff [having] failed to timely pursue default proceedings …." *Id*.

On November 7, 2014, Plaintiff filed a motion to remand. Doc. #5. In her motion, Plaintiff argues that Basset was properly joined and, therefore, remand is required. *Id*. Plaintiff also seeks recovery of costs and expenses related to the motion to remand. *Id*.

## II
## Removal and Improper Joinder

Diversity jurisdiction requires that there be: (1) complete diversity between the parties; and (2) an amount in controversy in excess of $75,000. 28 U.S.C. § 1332. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey*, 542 F.3d at 1079 (internal quotation marks omitted).

Pursuant to the forum-defendant rule of 28 U.S.C. § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction … may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The requirement of proper joinder is reflective of the rule that "[t]he Federal courts should not sanction devices intended to prevent the removal to a Federal court where one has that right…." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). "The doctrine of improper joinder rests on these statutory underpinnings, which entitle a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Id*. Thus, under the improper joinder rule, "a court may disregard the citizenship of

3

parties that have been improperly joined." *Gavelston Bay Biodiesel, L.P. v. Ace American Ins. Co.*, 719 F.Supp.2d 736, 738 (S.D. Tex. 2010) (citing *Smallwood*, 385 F.3d at 572–73).

In support of her motion to remand, Plaintiff argues that remand is required under the forum-defendant rule.[5] Doc. #8 at 2. There is no dispute that Bassett is a citizen of Mississippi. Accordingly, unless Bassett's citizenship may be disregarded under the improper joinder doctrine, removal of this matter is barred by § 1441(b)(2).

The Fifth Circuit has recognized two distinct ways to establish improper joinder: "(1) [demonstrate] actual fraud in the pleading of jurisdictional facts;" or (2) "demonstrate[] that there is no possibility of recovery by the plaintiff against an in-state defendant." *Smallwood*, 385 F.3d at 573. Under either of these methods, the "heavy" burden of showing improper joinder rests with the removing party. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citation omitted).

In its response to the motion to remand Hartford concedes that it cannot establish actual fraud in the pleading of jurisdictional facts. Doc. #11 at 4. Rather, Hartford argues that "Plaintiff has no possibility of establishing a cause of action against … Bassett." *Id*. at 5.

The second improper joinder inquiry centers on "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573 (citation omitted). In resolving this question, "[a] district court should ordinarily … conduct[] a Rule 12(b)(6)-type analysis. However, in cases where the plaintiff has stated a claim, but 'misstated or omitted discrete facts' the district court has the discretion to pierce the pleadings and conduct

---

[5] Plaintiff's motion cites a 1997 version of the removal statute.

4

a summary inquiry." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 n.6 (5th Cir. 2005). The party asserting improper joinder bears the burden of showing no possibility of recovery under both inquiries. *See Barbee v. Scott*, No. H-10-1797, 2010 WL 3257477, at *7 (S.D. Tex. Aug. 17, 2010) ("The court concludes, therefore, that under a Rule 12(b)(6)-type analysis the defendants have failed to meet their burden of establishing improper joinder."); *see also Veritas Consulting Grp. Inc. v. Gasbuddy Org., Inc.*, No. C-10-147, 2010 WL 2598386, at *3 n.3 (S.D. Tex. June 24, 2010) ("[E]ven if this Court were to pierce the pleadings and consider the summary judgment type evidence, removing Defendants have not met their burden of proving improper joinder.").

### A. 12(b)(6) Inquiry

As with motions to dismiss for failure to state a claim, under the improper joinder inquiry, "[a] plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain enough facts to state a claim to relief that is plausible on its face." *Harried v. Forman Perry Watkins Krutz & Tardy*, 813 F.Supp.2d 835, 840 (S.D. Miss. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Such analysis must be done in the context of Rule 8's notice pleading standard, which requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief in order to give defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Id.* (quoting *Twombly*, 550 U.S. at 554–55).

Here, Defendant does not argue that Plaintiff's complaint is deficient in any way. Accordingly, the Court concludes that there is no improper joinder under the 12(b)(6) inquiry.

### B. Piercing the Pleadings

As explained above, a Court has discretion to pierce the pleadings and conduct a summary judgment-type analysis if: (1) the plaintiff has stated a claim under the 12(b)(6) inquiry; and (2) in stating the claim, plaintiff has misstated or omitted discrete facts. *McDonal*,

5

408 F.3d at 183 n.6. When the court elects to pierce the pleadings, it may consider summary judgment-type evidence, such as affidavits. *Toney v. Lowery Woodyards and Employer's Ins. of Wausau*, 278 F.Supp.2d 786, 790 (S.D. Miss. 2003) (citing *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256 (5th Cir. 1995)). In so doing, the court must "take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Furthermore, "[a]ny contested issues of fact and any ambiguities of state law must be resolved in [the plaintiff's] favor." *Id*.

While the piercing step is normally applied to determine the merits of a plaintiff's claim, it may also be used to determine whether the plaintiff actually intends to pursue her claims against the in-state defendant. *See Morris v. P & S Transp., Inc.*, No. 4:07-cv-153, 2008 WL 607195, at *2 (N.D. Miss. Feb. 29, 2008) ("Moreover, a court may find an improperly joined defendant based on 'whether the plaintiff really intended to obtain a judgment against both defendants.'") (quoting *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962)); *see also Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (5th Cir. 1999) (finding improper joinder where "the pleadings, standing alone, [did] not set forth actionable claims against [defendant and] the record [did] not support any inference that [plaintiff] intended to actively pursue claims against [defendant]"). Although not stated explicitly, this rule appears to rest on the very reasonable assumption that there can be no possibility of recovery against a defendant where a plaintiff does not intend to actively pursue a claim against that defendant. *See Ample Business Investments, L.P. v. American States Ins. Co.*, No. H-10-0802, 2010 WL 1737114, at *3 (S.D. Tex. Apr. 28, 2010) ("[T]he proper test for improper joinder is … whether the defendant has shown that there is no reasonable possibility that the plaintiff will be able to establish a cause of

action against the defendant in state court. Whether the plaintiff actually intends to pursue claims against the instate defendant is merely a subset of that test.") (internal citation omitted). When framed in this fashion, the omitted discrete fact justifying the piercing of the pleadings is the plaintiff's lack of intention to pursue the validly stated claim.

When considering intent, "[f]actors to consider include whether the defendant is only minimally mentioned [in the complaint], whether any actionable facts or causes of action are specifically alleged against the defendant, and whether the defendant was ever served." *Escuadra v. Geovera Specialty Ins. Co.*, 739 F.Supp.2d 967, 975 (E.D. Tex. 2010) (citing *Griggs*, 181 F.3d at 699); *see also First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.*, No. 1:07-cv-988, 2008 WL 4533729, at *3 (E.D. Tex. Sep. 29, 2008) (same). Axiomatically, courts may also consider whether the plaintiff has made any specific representations that they do not intend to pursue claims against the allegedly improperly joined defendant. *See Ashley v. Devon Energy Corp.*, No. 14-512, 2015 WL 803136, at *4 (M.D. La. Feb. 25, 2015) (finding improper joinder of bankrupt defendant based on no possibility of recovery where "Plaintiffs specifically represented … that they did not intend to assert claims against a defendant that has filed for, or has been discharged in, bankruptcy").

As an initial matter, the Court notes that Plaintiff's complaint contains specific allegations against Bassett. Specifically, the complaint alleges that Bassett: (1) failed to keep a proper lookout while operating her motor vehicle; (2) failed to maintain proper control of her motor vehicle; (3) failed to decrease her speed when approaching pedestrians; (4) failed to make a reasonable effort to prevent her motor vehicle from striking plaintiff; (5) operated her motor vehicle at a dangerous rate of speed; and (6) operated her motor vehicle "in a careless and reckless manner." Doc. #2 at ¶ 10. Based on these allegations, Plaintiff specifically alleges a

7

claim of negligence against Bassett. *Id*. at ¶ 11. Due to the specificity and scope of these allegations, the Court concludes that Bassett is not minimally mentioned in Plaintiff's complaint and that Plaintiff has specifically pled actionable facts and a cause of action against Bassett.

Next, the record is clear that Plaintiff served Bassett. And, finally, Hartford has pointed to no statements or affirmative conduct indicating lack of intent to sue Bassett. Accordingly, the four court-endorsed factors weigh in favor of intent.

Without addressing the court-endorsed factors, Hartford argues that lack of intent to pursue the negligence claims against Bassett may be inferred from the following facts: (1) Plaintiff's complaint alleges that Bassett's insurance carrier[6] "has tendered the limits of the bodily injury liability coverage for its insured;"[7] (2) "a settlement agreement [between Bassett and Plaintiff] has been verbally consummated so there is no reason to pursue Defendant Bassett;" (3) "Plaintiff identified Defendant Bassett as being the culpable party for causing the subject accident but only in the context of an 'uninsured motorist;'" (4) Plaintiff failed to seek a default judgment against Bassett after Bassett failed to answer the complaint; and (5) Plaintiff has failed to actively pursue discovery against Bassett. Doc. #11 at 4–6.

First, Hartford has cited no authority, and this Court has been unable to find any, which would support the proposition that, in an automobile collision action, an insurer's tender of its policy limits is indicative of a plaintiff's lack of intent to pursue a cause of action against an insured (or, if not the insured, the driver of the automobile). Second, Hartford has offered no evidence which would show the existence of a settlement agreement, verbal or otherwise. Third,

---

[6] In its response to the motion to remand, Hartford submits that the vehicle driven by Bassett was owned by Nechia Coleman, "an Allstate Insurance Company insured." Doc. #11. While the identity of the insured has no bearing on resolution of the instant motion, the Court notes that Hartford has cited no evidence supporting its statement regarding Nechia Coleman.

[7] Doc. #2 at ¶ 13.

the Court disagrees that the complaint identifies Basset as "culpable … only in the context of an uninsured motorist." Rather, as explained above, the complaint clearly pleads a negligence claim against Bassett as the driver of the motor vehicle which struck and injured Plaintiff.

Finally, Hartford has not cited any case law supporting the proposition that the pursuit of discovery or default is a relevant consideration under the second prong of the *Smallwood* inquiry. The Court is, however, aware of one case where these two factors were considered under the first *Smallwood* prong on the issue of whether Plaintiffs had an "interest in gaining a judgment against [an in-state defendant]." *See Rodriguez v. Casa Chapa S.A. de C.V.*, 394 F.Supp.2d 901, 908 (W.D. Tex. 2005) (under fraudulent pleading prong of *Smallwood*, noting that "Plaintiffs had no real interest in gaining a judgment against [defendant because] Plaintiffs never sought discovery from [defendant and w]hen the [defendant] failed to file an answer to the complaint, the Plaintiffs did not seek any default judgment …."). Additionally, at least one other court has considered a plaintiff's failure to conduct discovery as evidence of improper joinder. *See In re Avandia Mktg., Sales Practices and Prods. Liab. Litig.*, No. 07-md-1871, 2014 WL 2011597, at *2–3 (E.D. Pa. May 15, 2014) (finding improper joinder based on failure to propound discovery).

Assuming without deciding that failure to pursue discovery or default are proper factors in a prong-two inquiry, the Court notes that a review of the state court record reflects little to no activity on the part of Plaintiff with regard to *either* defendant. Indeed, it seems that the only state court discovery undertaken by Plaintiff was a service of a set of interrogatories and requests for admission on Hartford. *See* Doc. #3-12; Doc. #13. Hartford's notice of removal even alleges that "Plaintiff has not yet responded to Hartford's written discovery …." Doc. #1 at 4. In light of Plaintiff's general lack of activity in the state court litigation, the Court is unconvinced that

9

Plaintiff's failure to seek default or discovery is indicative of a lack of intent to pursue her claims against Bassett, as opposed to a general lackadaisical attitude toward the litigation in general. Furthermore, to the extent the failure to seek discovery may be deemed intentional, Hartford has offered no argument or evidence that the discovery Plaintiff requested from Hartford is insufficient to support a claim against Bassett. *See Stiglick v. Chattem*, No. 12-cv-1858, 2012 WL 5403437, at *3 (D.N.J. Nov. 5, 2012) (rejecting improper joinder argument based on lack of discovery because "Plaintiff may [have] believe[d], for whatever reason, that the key discovery from the Defendants will be from [diverse defendant]"). Thus, to the extent Plaintiff's litigation conduct is relevant to the intent inquiry, it does not outweigh the cumulative weight of the four factors identified above. Under these circumstances, Hartford has failed to meet its heavy burden of showing no possibility of recovery under the negligence claim against Bassett. Thus, Bassett was not improperly joined and this matter must be remanded for violation of the forum-defendant rule.[8]

### III
### Costs and Expenses

28 U.S.C. § 1447(c) provides, in relevant part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Here, Plaintiff seeks $10.70 in costs, and $750.00 in attorney's fees. Doc. #8 at 3.

While an award of expenses and costs rests in a court's discretion, "absent unusual circumstances, attorney's fees should not be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal." *Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 280

---

[8] Assuming that Plaintiff is in fact a Mississippi citizen, remand would also be required for lack of complete diversity.

(5th Cir. 2009) (citing *Martin v. Franklin Corp.*, 546 U.S. 132, 141 (2005)) (internal quotation marks omitted).  While the objectively reasonable test was first articulated for the purpose of awarding or denying attorney's fees under § 1447(c), courts in this circuit have employed the same standard for determining the propriety of awarding costs and other expenses under the statute.  *See Williams v. State Farm Mut. Auto Ins. Co.*, No. 11-1141, 2011 WL 3240814, at *4 (E.D. La. July 28, 2011) ("Although Defendant failed to carry its burden in demonstrating that federal subject matter jurisdiction exists, it did not lack an objectively reasonable basis for removal.  Accordingly, the Court declines to award Plaintiff attorney's fees and costs."); *Estate of Pringle v. Pringle*, No. 1:11-cv-152, 2011 WL 2446478, at *4 (S.D. Miss. June 15, 2011) (denying costs and expenses based on objectively reasonable standard).

Here, the Court concludes that Plaintiff's failure to seek default and discovery against Bassett created an objectively reasonable basis for removal.  Accordingly, an award of expenses and costs would be inappropriate.

## IV
## Conclusion

For the reasons set forth above, the Court finds that, while Hartford had an objectively reasonable basis for removal, it failed to carry its burden of showing that Bassett was improperly joined in this action.  Accordingly, Plaintiffs' motion to remand [5] is **GRANTED in Part and DENIED in Part**.  The motion is GRANTED on the issue of remand, and is DENIED as to Plaintiff's request for costs and expenses.  This matter is **REMANDED** to the Circuit Court of Humphreys County, Mississippi.

SO ORDERED, this 28th day of May, 2015.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**